I IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL NELSON, | |
| Petitioner, | CIVIL ACTION NO.: 2:22-cv-90 |
| v. | |
| WARDEN JEFFRY FIKES, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Christopher Nelson ("Nelson"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed a Motion to Dismiss, and Nelson filed a Response. Docs. 6, 9. For the reasons which follow, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss, **DENY as moot** Nelson's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Nelson *in forma pauperis* status on appeal.

## BACKGROUND

Nelson was convicted in the Middle District of Florida of bank robbery, in violation of 18 U.S.C. § 2113, and was sentenced to 125 months' imprisonment. Doc. 6-1 at 6. Nelson had a projected release date of January 12, 2023, via good conduct release and was, in fact, released from the Bureau of Prisons' ("BOP") custody on that date. Id.; https://www.bop.gov/inmateloc/, search for Number 08336-073, Nelson, Christopher (last visited Apr. 11, 2023).[1]

---

[1] Nelson has yet to inform the Court of any change in his address, as required, which provides another reason for dismissal of his Petition. Local R. 11.1; Doc. 3 at 2.

In his Petition, Nelson he was initially assessed as not being eligible to have his First Step Act ("FSA") earned credits because he was assessed as "high risk[.]"  Doc. 1 at 3.  However, Nelson states he took some of the approved courses under the FSA and was re-assessed at a lower risk level (medium)—but not low risk—and the BOP did not recalculate his credits.  Id. at 4.  Nelson contends the BOP should have applied his credits under the interim guidance because, once the FSA system and calculations are in place, it will be too late to benefit inmates like Nelson who are nearing the end of their sentences.  Id. at 4–5.  Nelson contends he should have all earned time credits once his risk level is "low," which would be when he turned 51 years old approximately one month after he filed his Petition.  Id. at 6, 7.  Nelson asks this Court to order the BOP to re-evaluate his earned time credits immediately, or on October 29, 2022, when he will be a "low" risk inmate and eligible for immediate release after his credits are applied correctly.  Id. at 10.

Respondent alleges Nelson is ineligible to apply his FSA earned time credits because he was not at "minimum or low recidivism risk" at the time he filed his Petition and the Court lacks jurisdiction to review Nelson's claims under the Administrative Procedures Act.  Doc. 6 at 2.  Respondent specifically notes Nelson was at a medium risk of recidivism at the time he filed his Petition and, thus, was not eligible for review.  Id. at 3.

## DISCUSSION

**I.     Whether Nelson's Petition Is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go

to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)). "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997)).

Here, Nelson requests the Court order the BOP to re-evaluate his eligibility on October 29, 2022. Doc. 1 at 10. The Court notes, at the time Nelson filed his Petition, he was listed as ineligible for FSA credits. Doc. 6. As Nelson has since been released from the BOP's custody during the pendency of his Petition, which is an event occurring after he filed his Petition, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of

Everglades, 570 F.3d at 1216.  Accordingly, the Court should **DENY as moot** Respondent's Motion to Dismiss and **DENY as moot** Nelson's Petition for Writ of Habeas Corpus.[2]

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Nelson leave to appeal *in forma pauperis*.  Though Nelson has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[2]     Even if Nelson had not been released during the pendency of his Petition, the Court would be without jurisdiction to review the BOP's determination in this case, as Respondent sets forth in his Motion to Dismiss.  See Doc. 6 at 5–11 (explaining the BOP has discretion to determine incentives and rewards to prisoners, including awarding time credits and the re-assessment Nelson seeks, and that discretion is not subject to judicial review under the Administrative Procedures Act).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Nelson *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss, **DENY as moot** Nelson's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Nelson *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 11th day of April, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA